**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STELLA M. CASTANEDA,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant-Appellee. | No. 19-17511<br><br>D.C. No. 3:19-cv-00466-VC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted December 8, 2020**
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

---

 *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 ***  The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Stella Castaneda appeals the district court's decision affirming the Commissioner of Social Security's denial of her applications for disability and supplemental security income. We review de novo and may set aside a denial of benefits only if it is unsupported by substantial evidence or the administrative law judge (ALJ) committed legal error. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we recount them only as necessary to resolve the arguments on appeal.

1.      Castaneda first argues the ALJ failed to adequately account for her speech impairment by limiting her residual function capacity (RFC) to occasional public contact because qualitative differences in speech cannot be addressed by a quantitative limitation. In other words, Castaneda argues her impairment affected her ability to clearly communicate, not her ability to communicate frequently. But here, the ALJ weighed the medical evidence and subjective testimony about Castaneda's symptoms, and concluded that Castaneda's dysarthia was mild and did not significantly impact the quality of her communication. Castaneda does not challenge the ALJ's weighing of the medical and subjective evidence on appeal. No error occurred because the ALJ was only required to include limitations in the

2

RFC that the ALJ found credible and supported by the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

2. Castaneda next argues the ALJ's finding that Castaneda could perform her past occupation of Office Helper was inconsistent with the definition from the Dictionary of Occupational Titles. We disagree. Per the dictionary, the Office Helper occupation has a language development requirement of 2, which requires the ability to "[s]peak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, [and] variation in word order, using present, perfect, and future tenses." NAT'L ACAD. OF SCIS., COMM. ON OCCUPATIONAL CLASSIFICATION, DICTIONARY OF OCCUPATIONAL TITLES, APP. C, PT. III (1981) https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC. Castaneda argues the ALJ made no RFC finding regarding Castaneda's ability to speak clearly and distinctly. But as explained, the ALJ summarized medical opinion testimony supporting the finding that Castaneda's dysarthia was mild and that she was able to adequately express herself. The ALJ also determined Castaneda was able to effectively communicate verbally and fully participate at her hearing. Moreover, to the extent the ALJ relied on the testimony of the vocational expert in concluding Castaneda could perform her past occupation, such reliance was proper because the "hypothetical that the ALJ posed to the [vocational expert]

3

contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217.

3.     Finally, Castaneda argues the Commissioner waived the right to challenge Castaneda's eligibility for Title II disability benefits by failing to include the ALJ's decision with respect to her Title II application in the record lodged with the district court.[1] This was merely a clerical error. Castaneda's summary judgment motion before the district court challenged the ALJ's finding of non-disability, and the ALJ's determination of non-disability was the same with respect to both applications and relied on the same five-step disability framework. The district court acknowledged that Castaneda was seeking "judicial review of the ALJ's determination that she is not disabled." Accordingly, we decline to find the Commissioner waived any argument pertaining to Castaneda's eligibility for disability benefits.

**AFFIRMED.**

---

[1] The Commissioner's unopposed motion to take judicial notice of the ALJ's decision with respect to Castaneda's Title II application, Dkt. 18-1, is granted. *See Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1186 (9th Cir. 2011).